ROSADO, APELADO, v. HERNÁNDEZ, APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 916.—Resuelto en febrero 5, 1913.

COSTAS — MOCIONES — CONTESTACIÓN. — Los preceptos del artículo 132 del Código de Enjuiciamiento Civil no son aplicables a mociones relacionadas con el cobro de costas.

ID.—NOTIFICACIÓN—SENTENCIA DEL TRIBUNAL SUPREMO.—De acuerdo con los preceptos del artículo 339 del Código de Enjuiciamiento Civil enmendado por ley de marzo 8, 1908, la parte condenada al pago de costas, debe ser notificada de la sentencia del Tribunal Supremo confirmando la resolución del tribunal sentenciador aprobando el memorándum de costas, antes de que pueda expedirse mandamiento y ser embargados los bienes del deudor.

ID.—PLIEGO DE EXCEPCIONES—EXPOSICIÓN DEL CASO.—No habiendo pliego de excepciones ni exposición del caso, carece de base este tribunal para examinar si fué o nó notificado el deudor de la resolución de esta corte confirmando la resolución apelada aprobatoria del memorándum de costas. Una moción jurada no puede suplir esta omisión; y la presunción es de que el tribunal inferior actuó dentro de la ley.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Sabater.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

La cuestión envuelta en este caso hace referencia a las costas, desembolsos y honorarios de abogados que la corte ordenó al apelante Hernández que pagara al apelado Rosado. La suma asciende solamente a $137.20. Los hechos son los siguientes:

El demandante, Rosado Fussá, entabló una acción en la Corte de Distrito de Mayagüez contra Agustín Hernández Mena y otro para recobrar el título a una propiedad inmueble y se decretara un *injunction*. Habiéndose dictado sentencia a favor del demandante, con las costas a cargo del demandado, Agustín Hernández Mena, el primero presentó un memorándum de costas, desembolsos y honorarios de abogados, que fué aprobado por la corte de distrito por la suma de $137.20.

El demandado, Agustín Hernández Mena, apeló de cierta parte de la sentencia y de la orden aprobando el memorándum de costas, habiendo este Tribunal Supremo dictado su sentencia el día 22 de mayo de 1911, *Rosado* v. *Hernández et al.,* 17 D. P. R., 617, después de haber prestado debida consideración al caso, confirmando la sentencia y orden apelada en todas sus partes.

Comunicada debidamente la referida sentencia dictada por el Tribunal Supremo a la Corte de Distrito de Mayagüez, el demandante Arturo Rosado Fussá solicitó y obtuvo de la corte dos órdenes de ejecución para recobrar la suma que se le debía y que aparecía especificada en el expresado memorándum de costas. Una de dichas órdenes fué expedida el día 25 de agosto de 1911 y la otra el 23 de octubre de 1911. De conformidad con lo dispuesto en la orden que fué expedida primeramente, el márshal de la Corte de Distrito de Mayagüez embargó la casa descrita en el folio segundo de los autos, pero desistió de proceder a la ejecución de la misma, obrando de acuerdo con la orden que había sido expedida en 24 de octubre de 1911, a embargar la suma de $132.28 pertenecientes al demandado Agustín Hernández Mena, cantidad que el expresado márshal entregó a Don Angel A. Vázquez, abogado del demandante el día 26 de octubre de 1911.

Entonces el demandado, Agustín Hernández Mena, presentó una moción debidamente jurada el día 19 de agosto de 1912, a la corte de distrito, en la que alegaba sustancialmente, que el procedimiento seguido en este caso por el demandante había sido irregular y en violación del artículo 339 del Código de Enjuiciamiento Civil, según ha sido enmendado por la ley de 12 de marzo de 1908, porque las órdenes de ejecución fueron expedidas y ejecutadas, entregándose el dinero al demandante sin que fuera notificado el demandado por el secretario de la corte de distrito ni por ningún otro funcionario, de la sentencia que había sido dictada por la Corte Suprema de Puerto Rico el día 22 de mayo de 1911, confirmando la resolución de la corte de distrito que fué dictada en 9 de enero de 1911,

aprobando el memorándum de costas.  Esta moción fué debidamente presentada a la corte, y después de haberse discutido la misma el día 18 de octubre último, la corte de distrito dictó una resolución declarando que la misma carecía de fundamento en todas sus partes, imponiendo las costas al promovente, contra cuya resolución el demandado, Hernández Mena, interpuso apelación para ante esta corte a su debido tiempo, dé conformidad con las disposiciones del artículo del Código de Enjuiciamiento Civil que regula esta materia.

Alega el apelante que la Corte de Distrito de Mayagüez cometió un error al dictar la resolución de referencia, porque, según alega el peticionario en su moción de 19 de julio de 1912, había jurado su contenido.  Por consiguiente, debió haberse considerado como admitida por no haber sido contestada en forma alguna por èl demandante.  Alega el apelante que la corte sentenciadora en la referida resolución infringió el artículo 132 del Código de Enjuiciamiento Civil y el artículo 339 de dicho código, según ha sido enmendado por la ley de 12 de marzo de 1908.  También hace referencia al artículo 4°. del Código Civil en apoyo de su alegación.

El Código Civil en su artículo 4°., a que nos hemos referido, establece el principio general de ley de que todos los actos ejecutados en contra de lo dispuesto en la ley son nulos, salvo los casos en que la misma ley ordene su validez.  No hay duda alguna acerca de esta proposición y ha sido la misma tan bien interpretada y aceptada universalmente, que apenas se hace necesario hacer referencia alguna al estatuto.  El artículo 132 del Código de Enjuiciamiento Civil aparece en el Capítulo Séptimo del expresado código, que trata de las "Reglas generales para las alegaciones."  Dispone dicho artículo en sustancia, que no hay necesidad de prueba alguna para que se declaren con lugar las alegaciones de la demanda, cuando las mismas no han sido impugnadas en la contestación, pero se tendrán por ciertas para los efectos de la ac-

ción.   Este artículo, así como todo el capítulo en donde el mismo aparece, se refiere a las alegaciones propiamente consideradas como tales, o sea a la demanda, la contestación y otras alegaciones que puedan hacerse en el curso ordinario para llegar a la cuestión que se ventile en el caso, y no puede considerarse que comprende también las mociones como la que ha dado origen a esta apelación.   Se verá que el artículo 339 del Código de Enjuiciamiento Civil, según ha sido enmendado por la ley de 8 de marzo de 1908, se refiere a cuestiones relativas a costas y a órdenes dictadas en relación con las mismas después de haber sido dictada la sentencia por la corte inferior en el caso original y a todas las demás cuestiones que hayan sido resueltas a favor de una u otra parte. La ley que contiene esta enmienda dispone que cuando no se ha formulado ninguna objeción a su debido tiempo al memorándum de costas, que en este caso incluye los desembolsos y honorarios de abogados, o cuando se ha formulado objeción y se ha dictado sentencia definitiva por la corte inferior sobre el mismo e interpuesto apelación y se ha confirmado o modificado la resolución de la corte inferior, la parte contra quien se han impuesto las costas, depositará su importe en la oficina del secretario de la corte *dentro de cinco días después que le haya sido notificada dicha resolución por el secretario,* y además, que en el caso de que dejara de hacer dicho depósito, se expedirán órdenes de ejecución para el cobro de las mismas, de igual manera que si se tratara de otra sentencia cualquiera.   Desde luego, si se interpreta debidamente este artículo, no podrá permitirse que se expida una orden de ejecución en este caso o se ejecute sobre la propiedad del demandado, a menos que éste hubiera sido notificado de la resolución dictada por el Tribunal Supremo, por la que se confirma la dictada por la corte inferior aprobando el memorándum de costas por virtud de la cual se le condenó a pagar los $137.20.

Según el caso ha sido presentado a este tribunal, no aparece de los autos ningún pliego de excepciones, relación de hechos o exposición del caso, así como ningún otro documento por el cual podamos saber cuál fué la acción tomada por la corte para determinar los hechos en los que se fundó la resolución apelada.    El apelante se funda solamente en su moción y en el hecho de que la misma estaba jurada, para hacer la alegación de no haber sido notificado de la resolución dictada por la Corte Suprema al confirmar la resolución dictada aprobando el memorándum de costas.    Según lo que aparece de los autos puede que se haya presentado prueba o que existan en los autos algunos documentos que demuestren que la notificación se hizo y cumplimentó debidamente y que aunque el contenido de la moción estaba jurado, era incorrecto.    No podemos deducir la veracidad de los hechos contenidos en la moción simplemente por la declaración jurada que acompaña a la misma.    La presunción es que la corte de distrito al dictar esta resolución, así como todos los demás procedimientos análogos, procedió de acuerdo con la ley e incumbe al apelante o a cualquiera otra persona que impugne esa presunción, demostrar por medio de prueba o de algún otro modo que el caso no es así.

No apareciendo en los autos nada de donde resulte que se ha cometido algún error esencial por la corte de distrito al dictar la resolución apelada, debe desestimarse la apelación que ha sido interpuesta y confirmarse la resolución apelada en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.